Haight, J.
—On the 17th day of November, 1886, the plaintiff entered into an agreement in writing, with the defendant in and by which he agreed to construct a brick and tile sewer in Guilford street, from the sewer in the northerly sidewalk of Broadway to the point near Genesee street, in compliance with the specifications annexed to the contract and the profile in the engineer’s office for the sum of §2,690.
The contract further provided that the party of the second part (which was the plaintiff herein): “Admits and agrees that the amounts and quantities of .material to be furnished and the work done as stated in the proposals, for *562 estimates for the said work are approximate only; that he is satisfied with the annexed estimate in determining the prices agreed to, which he agrees to do the work required by this contract in accordance therewith, and that he shall not and will not at any time dispute or complain of such statement, or assert that there was any misunderstanding in regard to the depth of the excavation to be made, or nature or amount of the materials to be furnished or work to be done, and he covenants and agrees that he will complete the work to the satisfaction of the city engineer, and in substantial accordance with said specifications, and that he will not ask, demand, sue for or recover for the entire work any extra compensation beyond the amount payable for the completion of the work in this contract, enumerated, which shall actually be performed at the price herein agreed upon and fixed.”
The specifications annexed, among other things, provides, that, “All rock shall be excavated to the depth of six inches below the outer side of the invert, and twelve inches wider than the outside line of the sewer.” And again, that, “Bidders must examine for themselves the location of the proposed work and exercise their own judgment as to the nature of the excavation to be made and the whole of the work to be done and the contractors must assume all risk of variance in any computation or statement of the amounts or quantities necessary to complete the work required by the contract by whomsoever made, and agree to complete said work in accordance with the plans and specifications according to the price bid.”
. It further appears that it was the custom of the engineer and so understood by the plaintiff, that before making plans and specifications where improvements of this character were ordered, to make tests at intervals of from one to 500 feet over the line of the sewer to determine whether rock would be encountered, and that these tests were made by driving a round steel bar into the ground over the line of the sewer. If rock was discovered that it would be necessary to remove, the quantity was estimated by making the average between the points of testing and the amount estimated was inserted in the specifications. That a test was actually made by the engineer in this case commencing at Broadway, the lowest point in the sewer, and proceeded with, at intervals of from one to 200 feet, until Sycamore street was reached, a distance of 1,500 feet, and no rock having been discovered, no tests were made for the remaining distance of 1,400 feet. That the profile on file in the engineer’s office showed the points where tests of the character, above-specified, were made and the depth to *563 which the testing was sunk below the grade of the sewer at each point, and by a dotted blue line connecting these points of testing showed that no rock was discovered, which would be encountered in the construction of the sewer.
That at the last test made near Sycamore street the rod was sunk about one and one-half feet below the bottom of the grade of the sewer on the inside and no rock discovered; but it now appears that the testing rod was sunk in a crevice or pocket of the rock, and that rock surrounded the point where the test was made, and its surface raised about two feet above the lowest point reached by the testing-rod, and that to construct the sewer rock had to be excavated to the amount of 112 cubic yards, which was done by the plaintiff at a cost of $765, for which amount he now demands judgment, the contract price having been paid.
Section 21 of article 3 of the constitution of the state provides that “the legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor.” This being the supreme law of the state is binding upon the parties, and no additional compensation can be awarded for doing the work embraced in the contract.
And such is the express agreement of the plaintiff, for he stipulates that he will not ask, demand, sue for or recover any extra compensation beyond the amount payable for the completion of the work. The removing of the rock necessary for the construction of the sewer is embraced in the contract, for the agreement is to construct the sewer “in compliance with the specifications hereunto annexed,” and in the second section of those specifications appear the provisions already quoted, to the effect that “ all rock should be excavated to a depth of six inches below the outer side of the invert, and twelve inches wider than the outside fine of the sewer.”
It is contended, however, on behalf of the plaintiff, that he is entitled to recover because of misrepresentations made to him on the part of the defendant’s engineer, to the effect that there was no rock to be taken out in the course of the construction of the sewer. The only representations made were those appearing upon the profile on file in the engineer’s office showing the tests that had been made and of the failure to discover rock by the tests made.
There is no misrepresentation of the facts, for it is conceded that the tests described were in fact made, and at the points made no rock was discovered. There was, consequently, no fraud practised or false representations made to the plaintiff by which he was induced to enter into the *564 contract. He understood as well as the city engineer that rock might exist at other points and not be disclosed by the tests made.
Understanding this, he expressly stipulated and agreed that he should not and would not ‘ ‘ at any time dispute or complain of such statement, nor assert that there was any misunderstanding in regard to the depth of the excavation to be made, or the nature or amount of the material to be furnished, or work to be done, ” thus taking upon himself the responsibility and assuming the risk of finding rock which would have to be excavated.
Again, under the 46th clause of the specifications, it be- • came the duty of the plaintiff to examine the proposed work and to exercise his own judgment as to the nature of the excavation to be made under the work to be done, and that the contractor must assume all risk of variance in any computation or statement of the amounts or quantities necessary to complete the work required by the contract.
We consequently are of the opinion that judgment should be ordered for the defendant, without costs.
Parker, P. J.; Bradley and Dwight, JJ., concur.